UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MARY McKEE,

Plaintiff,

v.

CATHOLIC CHARITIES AGENCY, and ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES,

Defendants.

CIVIL NO. 00-522 (JRT/FLN)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks permission to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where

FILED MAR 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

In this case, Plaintiff is attempting to sue Defendants identified as "Catholic Charities Agency," and "Illinois Department of Children and Family Services." The substantive allegations of her Complaint, stated in their entirety, are as follows:

> "Defendant is not complying with federal mandate judgment entered June 17, 1998. [¶] 'Ill. Civil Appellate Practice' S.C. Rule 366, p. 311 Court Rules Appellate Court Rule 375."

The Complaint provides no other explanation of the factual or legal basis for Plaintiff's claims. Several papers are attached to the complaint, but they do not shed any additional light on the nature of the claims that Plaintiff is attempting to maintain. Furthermore, Plaintiff has not indicated what, if any, relief she is seeking in this action.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). The instant complaint does not state any cause of action on which relief can be granted, because it does not include any facts that would support any actionable claim against either of the named Defendants. Plaintiff's pleading does not describe anything that either Defendant allegedly did or failed to do that might give rise to a claim that could be litigated in federal court. The vague allegation that Defendants have not

---

the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as Plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

complied with a "federal mandate judgment" will not suffice, because the complaint does not explain (a) the nature of the judgment at issue, (b) how Defendants have allegedly violated that judgment, or (c) why it would be appropriate for the Minnesota District Court to review, and attempt to rule upon, Defendants' alleged failure to comply with a judgment that apparently was entered in some other court.

Thus, the Court concludes that complaint fails to state any factual or legal grounds that would allow Plaintiff to maintain any cognizable claim for relief against Defendants. Because the complaint fails to state a claim on which relief can be granted, this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It follows that Plaintiff's IFP application must be denied.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be denied; and

2. The action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 16, 2000

Franklin L. Noel
FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a

brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.