UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARY McKEE,

Plaintiff,

v.

CATHOLIC CHARITIES AGENCY, and ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES,

Defendants.

CIVIL NO. 00-522 (JRT/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge for further review of Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks permission to proceed in forma pauperis, ("IFP"). It was previously recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). (Report and Recommendation dated March 16, 2000, [Docket No. 3]; hereafter "the prior R&R.") After that recommendation was made, however, Plaintiff filed two documents, (Docket Nos. 4 and 5), which the District Court Judge construed (collectively) to be a motion to amend and a new complaint. (Order dated April 19, 2000, [Docket No. 6].) In light of Plaintiff's new submissions, the District Court Judge rejected the prior R&R, and referred the matter back to the undersigned Magistrate Judge for further proceedings, and if appropriate, for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is now recommended, once again, that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

FILED APR 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

As noted in the prior R&R, an IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1] In this case, the Court previously determined that Plaintiff's original complaint failed to state a claim on which relief could be granted, because it did not allege any facts, which if proven true, would entitle Plaintiff to legal relief against the named Defendants. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Plaintiff's latest submissions do not cure the defects that were found in her original pleading. Even with the benefit of liberal construction, those submissions do not provide an adequate explanation of the factual or legal basis for Plaintiff's claims. Plaintiff's new submissions still do not describe anything that either Defendant allegedly did or failed to

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as Plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

do that might give rise to a claim that could be litigated in federal court.

The new submissions, like the original complaint, include several vague allusions to orders allegedly entered by various state and federal courts in Illinois, but Plaintiff still has not explained (i) what those orders allegedly provide or require, (ii) how the named Defendants allegedly violated those orders, or (iii) why it would be appropriate for the Minnesota District Court to review, and attempt to rule upon, Defendants' alleged failure to comply with court orders that supposedly were entered in another state. Furthermore, Plaintiff still has not clearly indicated what (if any) relief she is seeking in this action.

Thus, the Court concludes that Plaintiff's two latest submissions, like her original complaint, do not state any factual or legal grounds that would support any cognizable claim against Defendants. Because Plaintiff still has not stated any claim on which relief can be granted, it is recommended her "motion to amend," (as construed by the District Court Judge), be denied. In addition, it is again recommended that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be DENIED;

2. Plaintiff's motion to amend her complaint, (Docket Nos. 4 and 5), be DENIED; and

3. This action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 28, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.